IN CLERKS OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   DEC 27 2005   ★

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LONG ISLAND OFFICE

------------------------------------------------------------------------X

COMPLAINT AND
JURY DEMAND

DEREK MILLER

(N S I)                                    Plaintiff,

**CV 05 6024**

-against-

THE CITY OF NEW YORK; RAYMOND W. KELLY, Police
Commissioner; GEORGE A. GRASSO, First Deputy Commissioner;
NELDRA M. ZEIGLER, Deputy Commissioner, Office of Equal
Employment Opportunity; RAFAEL PINIERO, Chief,
Personnel Bureau; GEORGE W. ANDERSON, Deputy Chief,
Executive Officer, Personnel Bureau; MICHAEL P. O'NEILL,
Deputy Chief, Employee Relations Section; JACQUELINE MC
CARTHY, Retired Lieutenant, Counseling Services Unit;
DANIEL SWEENEY, Sergeant, Counseling Services Unit;
SUZANNE GIMBLET, Detective, Counseling Services Unit;
THOMAS P. PURTELL, Assistant Chief, Commanding Officer,
Patrol Borough Bronx; PAUL RAYWARD, Captain, Patrol Borough
Bronx Investigations Unit; JOSEPH RINALDI, Sergeant, Patrol
Borough Bronx Investigations Unit; ALBERTO MARTINEZ, Sergeant,
47th Precinct; ARIANA DONOVAN, Captain, Internal Affairs Bureau
Command Center, each being sued individually and in their official
capacities as employees of the Police Department City of New
York; GEISINGER HEALTH SYSTEM; GLENN DANIEL
STEELE JR., President and Chief Executive Officer, Geisinger
Health System, being sued in his individual and official capacity
as an employee of Geisinger Health System.

**JOHNSON, J.**

**LEVY, M.**

Defendants.

------------------------------------------------------------------------X

The plaintiff DEREK MILLER, by his attorneys, Jeffrey L. Goldberg, P.C., as and for his

complaint against defendants THE CITY OF NEW YORK; RAYMOND W. KELLY; GEORGE

A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON;

MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE

GIMBLET; THOMAS P. PURTELL; PAUL RAYWARD; JOSEPH RINALDI; ALBERTO

1

MARTINEZ; ARIAN DONOVAN; GEISINGER HEALTH SYSTEM; and GLENN DANIEL STEELE JR., respectfully set forth and allege that:

## INTRODUCTION

1.      This is an action for equitable relief and money damages on behalf of the plaintiff DEREK MILLER, (hereinafter referred to as "plaintiff") who was, and who is prospectively deprived of his constitutional and statutory rights as a result of the defendants' policies and practices of differentiating between individuals regarded as having a disability in the conditions of their employment. Said policy was implemented under color of law.

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

(a)      Title VII of the Civil Rights Act of 1964 (hereinafter referred to as "Title VII") providing for injunctive and other relief against discrimination in employment on the basis of race, color, religion, sex and national origin

(b) Title I of the Americans with Disabilities Act of 1990 (hereinafter referred to as the "ADA") providing for injunctive and other relief against discrimination in employment on the basis of disability and/or individuals regarded as having a disability;

(c) the Civil Rights Act of 1866, 42 U.S.C. § 1981, providing for the protection of all person's right to make and enforce contracts under the color of state law;

(d) the Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law;

(e) the Civil Rights Act of 1871, 42 U.S.C. § 1985(3), providing for protection from conspiracies to interfere with a person's civil rights;

(f) the Establishment Clause of the First Amendment of the Bill of Rights of the United States Constitution, providing for protection against interference with a person's right to freedom of religion.

3.      The unlawful employment practices, violations of plaintiff's civil rights and tortuous acts complained of herein were committed within the Eastern and Southern Districts of New York and the Middle District of Pennsylvania.

4.      The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law § 296; New York City Administrative Code § 8-502; New York City Administrative Code § 14-115; the Intentional Infliction of Emotional Distress; and Intentional Inference with an Employment Contract; and False Imprisonment, pursuant to 28 U.S.C. 1367, because the entire action before the court comprises one constitutional and civil rights case, and the claims arise out of the same common nucleus of facts and are such that the plaintiff would ordinarily be expected to try them in one judicial proceeding.

## PLAINTIFF

5.      Plaintiff is a male citizen of the United States of America and is over twenty-one (21) years of age, a resident of Bronx County and is an employee of defendant THE CITY OF NEW YORK (hereinafter referred to as the "CITY") more specifically the Police Department City of New York (hereinafter referred to as the "NYPD"). For the purposes of this litigation defendant CITY may be identified interchangeably using CITY or NYPD to identify the employer which is the CITY.

## DEFENDANTS

6.      Defendant CITY was and is a municipal corporation organized and existing under and by virtue of the law of the State of New York, and at all relevant times was plaintiff's employer,

3

with its central offices in the county of New York, and diverse other offices and facilities throughout the State of New York.

7.    Defendant CITY is an employer within the definitions contained in 42 U.S.C. § 12111(5), employing more than fifteen (15) employees, and is engaged in an industry affecting commerce.

8.    Defendant GEISINGER HEALTH SYSTEM (hereinafter referred to as GEISINGER) is a domestic Not for Profit Health Maintenance Organization formed in or around 1915, in accordance with the laws of the Commonwealth of Pennsylvania that provides healthcare services. GEISINGER operates the Marworth Alcohol and Chemical Dependency Center (hereinafter referred to as MARWORTH) in Waverly, Pennsylvania, a facility that provides inpatient and outpatient treatment of alcohol and chemical dependency programs to uniformed employees of defendant CITY. For the purposes of this litigation, defendant GEISINGER may be identified interchangeably using GEISINGER or MARWORTH to identify defendant GEISINGER.

9.    RAYMOND W. KELLY, Police Commissioner; GEORGE A. GRASSO, First Deputy Commissioner; NELDRA M. ZEIGLER, Deputy Commissioner, Office of Equal Employment Opportunity; RAFAEL PINIERO, Chief, Personnel Bureau; GEORGE W. ANDERSON, Deputy Chief, Executive Officer, Personnel Bureau; MICHAEL P. O'NEILL, Deputy Chief, Employee Relations Section; JACQUELINE MC CARTHY, Retired Lieutenant, Counseling Services Unit; DANIEL SWEENEY, Sergeant, Counseling Services Unit; SUZANNE GIMBLET, Detective, Counseling Services Unit; THOMAS P. PURTELL, Assistant Chief, Commanding Officer, Patrol Borough Bronx; PAUL RAYWARD, Captain, Patrol Borough Bronx Investigations Unit; JOSEPH RINALDI, Sergeant, Patrol Borough Bronx Investigations Unit; ALBERTO MARTINEZ, Sergeant, 47th Precinct; ARIANA DONOVAN,

4

Captain, Internal Affairs Bureau Command Center, each being sued individually and in their official capacities as employees of the NYPD.

10.   GLENN DANIEL STEELE JR., President and Chief Executive Officer, being sued individually and in his official capacity as an employee of GEISINGER.

## PROCEDURAL REQUIREMENTS

11   Plaintiff has filed suit with this Court within the applicable statute of limitations period.

12.   Plaintiff is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1866, the Civil Rights Act of 1871 or the United States Constitution.

13.   On or about September 11, 2005, plaintiff sought assistance from the United States Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC").

14.   On or about October 3, 2005, plaintiff received a Dismissal and Notice of Right to Sue from the EEOC.

## BACKGROUND

15.   Plaintiff is a police officer who is currently employed by defendant CITY more specifically the NYPD and has either been diagnosed with suffering from or regarded as suffering from chronic alcohol dependency.

16.   Plaintiff alleges that the earliest actions of race, color and disability discrimination commenced on or about September 11, 2004, and continue to this day.

17.   Plaintiff alleges that Commissioner James F. Hanley, through defendant CITY's Office of Labor Relations improperly ceded authority of defendant CITY's Employee Assistance Program (hereinafter referred to as an EAP) relating to employees of the NYPD more specifically the Counseling Services Unit without controlled oversight and allowing it to operate

as an EAP without the appropriate certification or waiver from the New York State Office of Alcoholism and Substance Abuse Services (hereinafter referred to as OASAS) or other appropriate governing authority.

18.     Plaintiff alleges that from September 11, 2004, until this day, defendants' RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY and SUZANNE GIMBLET has violated his civil rights as well as other similarly situated employees regarded as disabled employees due to chronic alcohol dependency although there were no changes in their level of job performance.

19.     Plaintiff alleges that from September 11, 2004, until this day, defendants' RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; and MICHAEL P. O'NEILL improperly and without legal authority allowed defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET, as well as other members of the Counseling Services Unit to coerce plaintiff as well as other similarly situated employees into waiving their HIPPA Rights to restrict the release of their personal medical records under the threat of suspension and/or termination. Defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET, as well as other members of the Counseling Services Unit then also refused to allow plaintiff as well as other similarly situated employees to view the contents their own case folders.

20.     Plaintiff alleges that from September 11, 2004, until this day, defendants' RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; and MICHAEL P. O'NEILL improperly and without legal authority allowed defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET, as

well as other members of the Counseling Services Unit to coerce plaintiff as well as other

similarly situated employees under the threat of suspension and/or termination into signing a

Counseling Contract without the benefit of legal counsel. Defendants' JACQUELINE MC

CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET, as well as other members of the

Counseling Services Unit would then strictly enforce the conditions of the contract against

plaintiff and other similarly situated employees when they had no actual knowledge of the

conditions because a copy of the Counseling Contract was not provided to them. Nor were the

legal ramifications of the conditions explained to them.

21.     Plaintiff alleges that from September 11, 2004, defendants' RAYMOND W.

KELLY; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; and

MICHAEL P. O'NEILL improperly and without legal authority allowed defendants'

JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET, as well as other

members of the Counseling Services Unit to coerce plaintiff as well as other similarly situated

employees into waiving their informed consent right under the threat of suspension and/or

termination to make their own medical decisions for any treatment. Upon information and

belief, defendant's JACQUELINE MC CARTHY; DANIEL SWEENEY; and SUZANNE

GIMBLET would then authorize payment for any treatment received to be directly billed to the

employee's respective insurance carriers.

22.     Plaintiff alleges that from September 11, 2004, until this day, that he and other

similarly situated employees were forced to attend inpatient residential treatment programs such

as MARWORTH when defendants' RAYMOND W. KELLY; NELDRA M. ZEIGLER;

RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC

CARTHY; DANIEL SWEENEY and SUZANNE GIMBLET, as well as other members of the

Counseling Services Unit knew that they could not be medically and/or ethically treated because they did not meet the criteria of chronic alcohol dependency and/or because of sustained remission. Defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY and SUZANNE GIMBLET, as well as other members of the Counseling Services Unit would then either have defendant CITY's Operating Budget directly billed for the costs or have the treatment provider pass the costs directly to the affected employee.

23.    Plaintiff alleges that from September 11, 2004, until March 2005, defendants' RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY and DANIEL SWEENEY improperly and without legal authority allowed defendant SUZANNE GIMBLET to hold herself out as a CASAC certified counselor while her certification was lapsed. Defendant SUZANNE GIMBLET's credentials were lapsed in or around September 2003, and were reinstated in or around March 2005. During such period, defendant SUZANNE GIMBLET continued to counsel plaintiff as well as other similarly situated employees; act as a CASAC certified Case Manager and/or Counselor and refer plaintiff as well as other similarly situated employees to various alcohol treatment programs including MARWORTH.

24.    Plaintiff alleges that from September 11, 2004, until this day, defendants' RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; and MICHAEL P. O'NEILL improperly and without legal authority allowed members of the Counseling Services Unit to utilize uncertified alcohol counselors and/or trainees to counsel and/or refer plaintiff as well as other similarly situated employees to inpatient residential treatment programs such as MARWORTH, the Long Island Center for Recovery and/or the Liberty Management Group, Inc., without medical necessity. Plaintiff alleges that

such treatment programs include forced time in isolation for detoxification although the affected employees did not require it.

25.    Plaintiff alleges that from September 11, 2004, until this day, defendants' RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; and MICHAEL P. O'NEILL improperly and without legal authority allowed defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY and SUZANNE GIMBLET as well as other members of the Counseling Services Unit to improperly and illegally refer plaintiff as well as other similarly situated employees to inpatient residential treatment programs under the threat of suspension and/or termination.

26.    Plaintiff alleges that from September 11, 2004, until this day, defendants' RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; and MICHAEL P. O'NEILL improperly and without legal authority allowed defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY and SUZANNE GIMBLET as well as other members of the Counseling Services Unit to force plaintiff as well as other similarly situated employees into inpatient residential treatment programs.  Plaintiff alleges that the Counseling Services Unit would make referrals to inpatient residential treatment programs although there were no findings of chronic alcohol abuse.  Plaintiff alleges that such referrals were solely for the financial benefit of the respective programs as well as defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET, as well as other members of the Counseling Services Unit.  Upon information and belief, defendant SUZANNE GIMBLET maintains a log to track referrals made to the various programs and defendant JACQUELINE MC CARTHY is now employed by the Long Island Center for Recovery as a Counselor or related position.

27.    Plaintiff alleges that from September 11, 2004, until this day, defendants'
RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W.
ANDERSON;  MICHAEL P. O'NEILL; JACQUELINE MC CARTHY and DANIEL
SWEENEY improperly and without legal authority allowed the Counseling Services Unit to
retain employees who are not only uncertified but, use the same inpatient residential treatment
programs to obtain falsified continuing education credits to fulfill OASAS credentialing
requirements although they did not attend any classes or study any of the course material.

28.    Plaintiff alleges that from September 11, 2004, until this day, defendants'
RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W.
ANDERSON; and MICHAEL P. O'NEILL improperly and without legal authority allowed
defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY and SUZANNE GIMBLET as
well as other members of the Counseling Services Unit to refer plaintiff as well as other similarly
situated employees to the Twelve Steps Religious Based Alcohol Anonymous Counseling
Sessions under the threat of suspension and/or termination without offering alternative programs
in violation of the Establishment Clause of the First Amendment of the United States
Constitution.

29.    On or about September 11, 2004, plaintiff alleges that he was improperly and
illegally found to be unfit for duty due to alcohol abuse by defendants' ARIANA DONOVAN
and ALBERTO MARTINEZ.  According to defendant ARIANA DONOVAN, plaintiff may
have been experiencing personal problems over the death of his brother on 9/11.  Plaintiff further
alleges that based on defendants' ARIANA DONOVAN and ALBERTO MARTINEZ's
assessment, plaintiff was immediately placed on Restricted Duty and his firearms removed and
forced to go to Early Intervention and Psychological Services.

30.    On or about September 15, 2004, plaintiff was forced to report to and be evaluated by Police Officer Bahrenburg of the Early Intervention Unit.  Plaintiff alleges that he informed Police Officer Bahrenburg that he did not have any personal problems related to the death of his brother nor did he have any problems with chronic alcohol abuse.  Plaintiff alleges that he was coerced under the threat of suspension and/or termination to seek inpatient alcohol treatment.  Plaintiff was ordered to MARWORTH operated by defendant GEISINGER.  Upon information and belief, Police Officer Bahrenburg is not a certified social worker nor CASAC certified.

31.    On or about December 7, 2004, defendant PAUL RAYWARD requested that defendant GEORGE A. GRASSO issue Charges and Specifications against the plaintiff for being unfit for duty.  Plaintiff alleges that defendants' GEORGE A. GRASSO and PAUL RAYWARD knew that they had no legal basis to issue any such charges and was proceeding in bad faith. Upon information and belief, defendant CITY through its agents have a history of filing and sustaining bad faith charges against minority police officers at a significantly higher rate than non-minority police officers under the same or similar circumstances.

32.    On or about January 5, 2005, Charges and Specifications were proffered against plaintiff by defendant PAUL RAYWARD.  Plaintiff was charged with: operating a motor vehicle while under the influence of alcohol or drugs; operating a motor vehicle under the influence of alcohol and unfit for duty.

33.    On or about July 5, 2005, plaintiff's Charges and Specifications were adjudicated before Hearing Officer Assistant Deputy Trial Commissioner Michael D. Sarner.

34.    On or about September 1, 2005, Hearing Officer Assistant Deputy Trial Commissioner Michael D. Sarner recommended that plaintiff be found Not Guilty of all charges.

35.    On or about October 6, 2005, defendant RAYMOND W. KELLY adopted Hearing Officer Assistant Deputy Trial Commissioner Michael D. Sarner's recommendations.

36.    Upon information and belief, plaintiff's Central Personnel Index (hereinafter referred to as the CPI) has an indication that he was charged with being unfit for duty. Plaintiff alleges that this indication on his index is a form of retaliation and further damages his reputation in the NYPD.

37.    Upon information and belief, to this day, defendants' CITY; RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; and SUZANNE GIMBLET continues to monitor plaintiff and other similarly situated minority police officers with its Counseling Services Unit at an inordinately high rate as opposed to non-minority police officers who are generally not subject to such monitoring by defendants'. Defendants' CITY; RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; and SUZANNE GIMBLET continues to utilize the services of defendants' GEISINGER and GLENN DANIEL STEELE JR., who act in collusion to continue this violative pattern and practice of discrimination.

38.    Based on the foregoing, plaintiff feels that he was and is being improperly and illegally discriminated against and his constitutional rights violated by defendants' CITY; RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; THOMAS P. PURTELL; PAUL RAYWARD; JOSEPH RINALDI; ALBERTO MARTINEZ; ARIAN DONOVAN; GEISINGER

HEALTH SYSTEM; and GLENN DANIEL STEELE JR.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### RACE AND COLOR DISCRIMINATION
### IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

39.    Plaintiff re-alleges paragraphs 1 through 38 and incorporates them by reference as paragraphs 1 through 38 of Count I of this Complaint.

40.    Plaintiff alleges that defendant CITY through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; THOMAS P. PURTELL; PAUL RAYWARD; JOSEPH RINALDI; ALBERTO MARTINEZ; and ARIAN DONOVAN engaged in a pattern and practice of discrimination against him with respect to the terms, conditions and privileges of employment because of the plaintiff's race and color in violation of 42 U.S.C. § 2000e-2.

41.    As part of its pattern and practice of employment discrimination defendant CITY through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; THOMAS P. PURTELL; PAUL RAYWARD; JOSEPH RINALDI; ALBERTO MARTINEZ; and ARIAN DONOVAN treated plaintiff in a manner indicative of race and color discrimination, with respect to its investigation, analysis, and subsequent cover-up, of their discriminatory behavior.

42.    The failure of defendant CITY through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY;

THOMAS P. PURTELL; PAUL RAYWARD; JOSEPH RINALDI; ALBERTO MARTINEZ; and ARIAN DONOVAN to thoroughly investigate plaintiff's allegations of race and color discrimination.

43.    Defendant CITY knew or should have known about RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; THOMAS P. PURTELL; PAUL RAYWARD; JOSEPH RINALDI; ALBERTO MARTINEZ; and ARIAN DONOVAN race and color discrimination in the workplace because of their prior history of discriminatory conduct against the plaintiff and other similarly situated individuals.

44.    Defendant CITY failed and refused to take appropriate action to end the discriminatory treatment and conditions which plaintiff was subjected to, which was clearly motivated by race and color discrimination in a clear demonstration of bad faith.

45.    That as a result of the discriminatory acts of defendant CITY through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; THOMAS P. PURTELL; PAUL RAYWARD; JOSEPH RINALDI; ALBERTO MARTINEZ;  and ARIAN DONOVAN plaintiff suffered depression and anxiety.

46.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; THOMAS P. PURTELL; PAUL RAYWARD; JOSEPH RINALDI; ALBERTO MARTINEZ;  and ARIAN

DONOVAN acted in an outrageous and systematic pattern of oppression, bad faith and cover-up, directed at plaintiff and continued from in or about September 11, 2004, until this day.

47.    As a result of the acts of defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; THOMAS P. PURTELL; PAUL RAYWARD; JOSEPH RINALDI; ALBERTO MARTINEZ; and ARIAN DONOVAN under color of law, plaintiff suffered emotional distress, humiliation and embarrassment, loss of pension rights, medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT II
## RETALIATION
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

48.    Plaintiff re-alleges paragraphs 1 through 47 and incorporates them by reference as paragraphs 1 through 47 of Count II of this Complaint.

49.    Plaintiff alleges that defendant CITY through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; THOMAS P. PURTELL; PAUL RAYWARD; JOSEPH RINALDI; ALBERTO MARTINEZ;  and ARIAN DONOVAN engaged in various retaliatory actions against plaintiff as a result of his opposition to race and color discrimination and as a result of his filing such complaints with the NYPD and the EEOC, in violation of 42 U.S.C. § 2000e-3(a).

50.    That as a result of the illegal acts of defendant CITY through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC

CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; THOMAS P. PURTELL; PAUL RAYWARD; JOSEPH RINALDI; ALBERTO MARTINEZ; and ARIAN DONOVAN plaintiff suffered depression and anxiety.

**COUNT III**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

51.    Plaintiff re-alleges paragraphs 1 through 50 and incorporates them by reference as paragraphs 1 through 50 of Count III of this Complaint.

52.    Plaintiff alleges that defendant CITY through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; THOMAS P. PURTELL; PAUL RAYWARD; JOSEPH RINALDI; ALBERTO MARTINEZ; and ARIAN DONOVAN engaged in various severe and hostile actions towards plaintiff as a result of his opposition to race and color discrimination and as a result of his filing such complaints with the NYPD and the EEOC.

53.    That as a result of the severe and hostile acts of the defendant CITY through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; THOMAS P. PURTELL; PAUL RAYWARD; JOSEPH RINALDI; ALBERTO MARTINEZ; and ARIAN DONOVAN plaintiff suffered depression, anxiety and loss of job opportunities.

## COUNT IV
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990

54.     Plaintiff re-alleges paragraphs 1 through 53 and incorporates them by reference as paragraphs 1 through 53 of Count IV of this Complaint.

55.     At all relevant times, plaintiff has been regarded as a qualified individual with a disability within the meaning of 42 U.S.C. §12102.  More particularly, plaintiff is regarded by the NYPD as a qualified individual with a mental impairment due to chronic alcohol abuse.

56.     Defendant CITY through its agents RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; and SUZANNE GIMBLET failure to treat plaintiff in a manner comparable to other similarly situated individuals regarded as a qualified individual with a mental impairment due to chronic alcoholism constitutes disability discrimination against plaintiff with respect to the terms, conditions, or privileges of employment.

57.     Defendant's actions constitute a violation of 42 U.S.C. §12112(b)(5)(A).

## COUNT V
## RETALIATION
## IN VIOLATION OF
## TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990

58.     Plaintiff re-alleges paragraphs 1 through 57 and incorporates them by reference as paragraphs 1 through 57 of Count V of this Complaint.

59.     Plaintiff alleges that defendant CITY through its agents RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; and SUZANNE GIMBLET engaged in various retaliatory actions against him as a result of his opposition to disability

discrimination and as a result of him expressing his first amendment right to criticize defendants for coercing him and other similarly situated individuals under threat of suspension and/or termination to seek alcohol treatment with the Twelve Step Religious Based Alcoholic Anonymous Counseling Sessions, in violation of 42 U.S.C. § 12203(a).

60.     That as a result of the illegal retaliatory acts of defendant CITY through its agents RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; and SUZANNE GIMBLET plaintiff has suffered from depression, anxiety, loss of pay and pension rights and loss of employment opportunities.

### COUNT VI
### HOSTILE WORK ENVIRONMENT
### IN VIOLATION OF
### TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990

61.     Plaintiff re-alleges paragraphs 1 through 60 and incorporates them by reference as paragraphs 1 through 60 of Count VI of this Complaint.

62.     Plaintiff alleges that defendant CITY through its agents RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; and SUZANNE GIMBLET engaged in various severe and hostile actions towards him as a result of his opposition to disability discrimination and as a result of him expressing his first amendment right to criticize defendants for coercing him and other similarly situated individuals under threat of suspension and/or termination to seek alcohol treatment with the Twelve Steps Religious Based Alcoholic Anonymous Counseling Sessions.

63.     That as a result of the severe and hostile acts of defendant CITY through its agents RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W.

ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY;

and SUZANNE GIMBLET plaintiff has suffered depression, anxiety, loss of pay and pension

rights and loss of employment opportunities.

## COUNT VII
### RACE AND COLOR DISCRIMINATION
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

64.    Plaintiff re-alleges paragraphs 1 through 63 and incorporates them by reference as

paragraphs 1 through 63 of Count VII of this Complaint.

65.    That by the aforesaid discriminatory acts and omissions of defendants'

RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL

PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC

CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; THOMAS P. PURTELL; PAUL

RAYWARD; JOSEPH RINALDI; ALBERTO MARTINEZ;  and ARIAN DONOVAN acting

individually and acting in their capacities as supervisory and/or administrative officials of

defendant CITY interfered with plaintiff's right to enforce contracts under the color of State

Law.

66.    That the purpose of defendants' RAYMOND W. KELLY; GEORGE A.

GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON;

MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE

GIMBLET; THOMAS P. PURTELL; PAUL RAYWARD; JOSEPH RINALDI; ALBERTO

MARTINEZ;  and ARIAN DONOVAN in so acting was to prevent plaintiff, through economic

and psychological intimidation, from seeking the equal protection of the laws, and from enjoying

the equal privileges and immunities of citizens under the Constitution and laws of the United

States and the State of New York including but not limited to enjoy his right to freedom of

speech, movement, association and assembly, to petition his government for redress of his

grievances, to be secure in his person, to be free from unreasonable searches and seizures, to

enjoy privacy, and deprivation of life, liberty, and property without due process of law.

67.    Pursuant to their conduct, the defendants' acted to deprive the plaintiff of his civil

rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in

violation of 42 U.S.C. § 1981.

68.    As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff

suffered mental anguish, emotional distress, loss of employment opportunities, and other

monetary damages.

### COUNT VIII
### DISABILITY DISCRIMINATION
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

69.    Plaintiff re-alleges paragraphs 1 through 68 and incorporates them by reference as

paragraphs 1 through 68 of Count VIII of this Complaint.

70.    That by the aforesaid discriminatory acts and omissions of defendants'

RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W.

ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY;

and SUZANNE GIMBLET acting individually and acting in their capacities as supervisory

and/or administrative officials of defendant CITY interfered with plaintiff's right to enforce

contracts under the color of State Law.

71.    That the purpose of defendants' RAYMOND W. KELLY; NELDRA M.

ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL;

JACQUELINE MC CARTHY; DANIEL SWEENEY; and SUZANNE GIMBLET in so acting

was to prevent plaintiff, through economic and psychological intimidation, from seeking the

equal protection of the laws, and from enjoying the equal privileges and immunities of citizens

under the Constitution and laws of the United States and the State of New York including but not

limited to enjoy his right to freedom of speech, movement, association and assembly, to petition

his government for redress of his grievances, to be secure in his person, to be free from

unreasonable searches and seizures, to enjoy privacy, and deprivation of life, liberty, and

property without due process of law.

72.    Pursuant to their conduct, the defendants acted to deprive the plaintiff of his civil

rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in

violation of 42 U.S.C. § 1981.

73.    As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff

suffered mental anguish, emotional distress, loss of employment opportunities, and other

monetary damages, in addition to deprivation of his civil rights.

**COUNT IX**
**RETALIATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981**

74.    Plaintiff re-alleges paragraphs 1 through 73 and incorporates them by reference as

paragraphs 1 through 73 of Count IX of this Complaint.

75.    Plaintiff alleges that defendants' RAYMOND W. KELLY; GEORGE A.

GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON;

MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE

GIMBLET; THOMAS P. PURTELL; PAUL RAYWARD; JOSEPH RINALDI; ALBERTO

MARTINEZ;  and ARIAN DONOVAN engaged in various retaliatory actions against him acting

individually and in their capacities as supervisory and/or administrative officials of defendant

CITY as a result of his opposition to race, color and disability discrimination and as a result of

him expressing his first amendment right to criticize defendants for coercing him and other similarly situated individuals under threat of suspension and/or termination to seek alcohol treatment with the Twelve Steps Religious Based Alcoholic Anonymous Counseling Sessions interfering with plaintiff's right to enforce contracts under the color of State Law.

76.    That the purpose of defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; THOMAS P. PURTELL; PAUL RAYWARD; JOSEPH RINALDI; ALBERTO MARTINEZ; and ARIAN DONOVAN in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York.

77.    Pursuant to their conduct, the defendants' acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

78.    As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

## COUNT X
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

79.    Plaintiff re-alleges paragraphs 1 through 78 and incorporates them by reference as paragraphs 1 through 78 of Count X of this Complaint.

80.    Plaintiff alleges that defendants' RAYMOND W. KELLY; GEORGE A.

GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON;
MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE
GIMBLET; THOMAS P. PURTELL; PAUL RAYWARD; JOSEPH RINALDI; ALBERTO
MARTINEZ; and ARIAN DONOVAN engaged in various severe and hostile actions against
him acting individually and in their capacities as supervisory and/or administrative officials of
defendant CITY as a result of his opposition to race, color and disability discrimination and as a
result of him expressing his first amendment right to criticize defendants for coercing him and
other similarly situated individuals under threat of suspension and/or termination to seek alcohol
treatment with the Twelve Steps Religious Based Alcoholic Anonymous Counseling Sessions
interfering with plaintiff's right to enforce contracts under the color of State Law.

81.    That the purpose of defendants' RAYMOND W. KELLY; GEORGE A.
GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON;
MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE
GIMBLET; THOMAS P. PURTELL; PAUL RAYWARD; JOSEPH RINALDI; ALBERTO
MARTINEZ; and ARIAN DONOVAN in so acting was to prevent plaintiff, through economic
and psychological intimidation, from seeking the equal protection of the laws, and from enjoying
the equal privileges and immunities of citizens under the Constitution and laws of the United
States and the State of New York.

82.    Pursuant to their conduct, the defendants acted to deprive the plaintiff of his civil
rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in
violation of 42 U.S.C. § 1981.

83.    As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff
suffered mental anguish, emotional distress, loss of employment opportunities, and other

monetary damages.

**COUNT XI**
**FALSE IMPRISONMENT**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981**

84.    Plaintiff re-alleges paragraphs 1 through 83 and incorporates them by reference as paragraphs 1 through 83 of Count XI of this Complaint.

85.    That by the improper and illegal confinement of plaintiff at MARWORTH operated by defendant GEISINGER under the threat of suspension and/or termination by defendants RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; and SUZANNE GIMBLET acting individually and acting in their capacities as supervisory and/or administrative officials of defendant CITY interfered with plaintiff's right to enforce contracts under the color of State Law.

86.    That by the improper and illegal confinement of plaintiff at MARWORTH operated by defendant GEISINGER under the authority of defendant GLENN DANIEL STEELE JR., acting in collusion with defendants' RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; and SUZANNE GIMBLET interfered with plaintiff's right to enforce contracts under the color of State Law.

87.    That the purpose of defendants' RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; GEISINGER and GLENN DANIEL STEELE JR., in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the

equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy his right to freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, and deprivation of life, liberty, and property without due process of law.

88.     Pursuant to their conduct, the defendants acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

89.     As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages, in addition to deprivation of his civil rights.

## COUNT XII
## RACE AND COLOR DISCRIMINATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983 CONSPIRACY

90.     Plaintiff re-alleges paragraphs 1 through 89 and incorporates them by reference as paragraphs 1 through 89 of Count XII of this Complaint.

91.     Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; THOMAS P. PURTELL; PAUL RAYWARD; JOSEPH RINALDI; ALBERTO MARTINEZ;  and ARIAN DONOVAN under color of law, conspired with one another to deprive plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from

slavery and deprivation of life, liberty, and property without due process of law.

92.     Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; THOMAS P. PURTELL; PAUL RAYWARD; JOSEPH RINALDI; ALBERTO MARTINEZ;  and ARIAN DONOVAN acting individually and in their official capacities as supervisory and/or administrative officers of defendant CITY under color of law, and having been fully advised that plaintiff, an African-American male, was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

93     Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; THOMAS P. PURTELL; PAUL RAYWARD; JOSEPH RINALDI; ALBERTO MARTINEZ; and ARIAN DONOVAN in acting to deprive plaintiff of his civil rights, failed to thoroughly investigate his allegations of race and color discrimination in the workplace.

94.     Defendants' RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC

CARTHY; DANIEL SWEENEY; and SUZANNE GIMBLET in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

95.    Defendants acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about September 11, 2004, until this day.

96.    As a result of the acts of the defendants under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT XIII
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

97.    Plaintiff re-alleges paragraphs 1 through 96 and incorporates them by reference as paragraphs 1 through 96 of Count XIII of this Complaint.

98.    Defendants' RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; and SUZANNE GIMBLET under color of law, conspired with one another to deprive plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law.

99.    Defendants' RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC

CARTHY; DANIEL SWEENEY; and SUZANNE GIMBLET acting individually and in their official capacities as supervisory and/or administrative officers of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

100.    Defendants' RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; and DANIEL SWEENEY in acting to deprive plaintiff of his civil rights, failed to thoroughly investigate his allegations of discriminatory conduct in the workplace.

101.    Defendants' RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; and SUZANNE GIMBLET in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

102.    Defendants' acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about September 11, 2004, until this day.

103.    As a result of the acts of the defendants' under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal

expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT XIV
## RETALIATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

104.    Plaintiff re-alleges paragraphs 1 through 103 and incorporates them by reference as paragraphs 1 through 103 of Count XIV of this Complaint.

105.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; THOMAS P. PURTELL; PAUL RAYWARD; JOSEPH RINALDI; ALBERTO MARTINEZ; and ARIAN DONOVAN under color of law, conspired with one another to deprive plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law.

106.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; THOMAS P. PURTELL; PAUL RAYWARD; JOSEPH RINALDI; ALBERTO MARTINEZ; and ARIAN DONOVAN acting individually and in their official capacities as supervisory and/or administrative officers of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such

discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

107.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; THOMAS P. PURTELL; PAUL RAYWARD; JOSEPH RINALDI; ALBERTO MARTINEZ; and ARIAN DONOVAN in acting to deprive plaintiff of his civil rights, failed to thoroughly investigate his allegations of discriminatory conduct in the workplace.

108.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; THOMAS P. PURTELL; PAUL RAYWARD; JOSEPH RINALDI; ALBERTO MARTINEZ;  and ARIAN DONOVAN in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

109.    Defendants acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about September 11, 2004, until this day.

110.    As a result of the acts of the defendants under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the

claims herein.

**COUNT XV**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

111.    Plaintiff re-alleges paragraphs 1 through 110 and incorporates them by reference as paragraphs 1 through 110 of Count XV of this Complaint.

112.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; THOMAS P. PURTELL; PAUL RAYWARD; JOSEPH RINALDI; ALBERTO MARTINEZ; and ARIAN DONOVAN under color of law, conspired with one another to deprive plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law.

113.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; THOMAS P. PURTELL; PAUL RAYWARD; JOSEPH RINALDI; ALBERTO MARTINEZ; and ARIAN DONOVAN acting individually and in their official capacities as supervisory and/or administrative officers of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing

31

deprivations of his rights to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

114.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; THOMAS P. PURTELL; PAUL RAYWARD; JOSEPH RINALDI; ALBERTO MARTINEZ; and ARIAN DONOVAN in acting to deprive plaintiff of his civil rights, failed to thoroughly investigate his allegations of discriminatory conduct in the workplace.

115.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; THOMAS P. PURTELL; PAUL RAYWARD; JOSEPH RINALDI; ALBERTO MARTINEZ; and ARIAN DONOVAN in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

116.    Defendants acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about September 11, 2004, until this day.

117.    As a result of the acts of the defendants under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT XVI
## FALSE IMPRISONMENT
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

118    Plaintiff re-alleges paragraphs 1 through 117 and incorporates them by reference as paragraphs 1 through 117 of Count XVI of this Complaint.

119.    Defendants' RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; and SUZANNE GIMBLET under color of law, conspired with one another to deprive plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law.

120.    That by the improper and illegal confinement of plaintiff at MARWORTH operated by defendant GEISINGER under the threat of suspension and/or termination by defendants' RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; and SUZANNE GIMBLET acting individually and acting in their capacities as supervisory and/or administrative officials of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person,

to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

121.    That by the improper and illegal confinement of plaintiff at MARWORTH operated by defendant GEISINGER under the authority of defendant GLENN DANIEL STEELE JR., acting in collusion with defendants' RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; and SUZANNE GIMBLET interfered with plaintiff's right to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

122.    That the purpose of defendants' RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; GEISINGER and GLENN DANIEL STEELE JR., in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy his right to freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, and deprivation of life, liberty, and property without due process of law.

123.    Pursuant to their conduct, the defendants' acted to deprive the plaintiff of his civil

rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1983.

124.    As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and othis monetary damages, in addition to deprivation of his civil rights.

## COUNT XVII
## CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1985(3)

125.    Plaintiff re-alleges paragraphs 1 through 124 and incorporates them by reference as paragraphs 1 through 124 of Count XVII of this Complaint.

126.    That by the aforesaid discriminatory acts and omissions of defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; THOMAS P. PURTELL; PAUL RAYWARD; JOSEPH RINALDI; ALBERTO MARTINEZ; ARIAN DONOVAN; GEISINGER and GLENN DANIEL STEELE JR., acting individually and in their official capacities as supervisory and/or administrative officials of the CITY and/or independent contractor to defendant CITY conspired, planned, agreed and intended to act in manner to thereby cause economic and psychological injury to plaintiff.

127.    That the purpose of the defendants' in so acting was to prevent plaintiff from obtaining the benefits to which he was entitled under the law and from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy his right to freedom of speech, movement, association and assembly, to petition

his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law.

128.    Pursuant to their conspiracy, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; THOMAS P. PURTELL; PAUL RAYWARD; JOSEPH RINALDI; ALBERTO MARTINEZ; ARIAN DONOVAN; GEISINGER and GLENN DANIEL STEELE JR., acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of discrimination and bad faith, all in violation of 42 U.S.C. § 1985 (3).

129.    As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, physical illness, and monetary damages.

### COUNT XVIII
### FORCED TREAMENT IN AN ALCOHOLIC ANONYMOUS BASED PROGRAM IN VIOLATION OF THE ESTABLISHMENT CLAUSE OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION

130.    Plaintiff re-alleges paragraphs 1 through 129 and incorporates them by reference as paragraphs 1 through 129 of Count XVIII of this Complaint.

131.    The First Amendment of the Bill of Rights of the United States Constitution makes it unlawful to prohibit the freedom of expression.

132.    Plaintiff alleges that defendants' RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; and SUZANNE GIMBLET violated his right to freedom of expression.

133.    Defendants' RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL

PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC

CARTHY; DANIEL SWEENEY; and SUZANNE GIMBLET though the Counseling Services

Unit improperly and illegally forced plaintiff to attend the Twelve Steps Religious Based

Alcohol Anonymous Counseling Sessions under the threat of suspension and/or termination.

134.    As a result of the aforesaid acts, plaintiff suffered mental anguish, emotional

distress, physical illness, and monetary damages.

**COUNT XIX**
**RACE AND COLOR DISCRIMINATION**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

135.    Plaintiff re-alleges paragraphs 1 through 134 and incorporates them by reference

as paragraphs 1 through 134 of Count XIX of this Complaint.

136.    New York State Executive Law § 296 et seq., makes it unlawful to discriminate

against any individual in the terms, conditions, or privileges of employment on the basis of race

and color.  The same legal standards that apply to Title VII claims apply to claims brought under

this law.

**COUNT XX**
**DISABILITY DISCRIMINATION**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

137.    Plaintiff re-alleges paragraphs 1 through 136 and incorporates them by reference

as paragraphs 1 through 136 of Count XX of this Complaint.

138.    New York State Executive Law § 296 et seq., makes it unlawful to discriminate

against any individual in the terms, conditions, or privileges of employment on the basis of

disability.  The same legal standards that apply to the ADA apply to claims brought under this

law.

## COUNT XXI
## RETALIATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

139.   Plaintiff re-alleges paragraphs 1 through 138 and incorporates them by reference

as paragraphs 1 through 138 of Count XXI of this Complaint.

140.   New York State Executive Law § 296 et seq., makes it unlawful to discriminate

against any individual in the terms, conditions, or privileges of employment on the basis of race,

color and disability.  The law also makes it unlawful to create an atmosphere where retaliation is

encouraged and/or tolerated.  The same legal standards that apply to Title VII and the ADA

apply to claims brought under this law.

## COUNT XXII
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

141.   Plaintiff re-alleges paragraphs 1 through 140 and incorporates them by reference

as paragraphs 1 through 140 of Count XXII of this Complaint.

142.   New York State Executive Law § 296 et seq., makes it unlawful to discriminate

against any individual in the terms, conditions, or privileges of employment on the basis of race,

color and disability.  The law also makes it unlawful to create a severe and hostile environment

where retaliation, race, color and disability discrimination are encouraged and/or tolerated.  The

same legal standards that apply to Title VII and the ADA apply to claims brought under this law.

## COUNT XXIII
## RACE AND COLOR DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 8-502

143.   Plaintiff re-alleges paragraphs 1 through 142 and incorporates them by reference

as paragraphs 1 through 142 of Count XX of this Complaint.

144.    New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race and color.  The same legal standards that apply to Title VII claims apply to claims brought under New York City Administrative Code § 8-502.

## COUNT XXIV
### DISABILITY DISCRIMINATION
### IN VIOLATION OF
### NEW YORK CITY ADMINSTRATIVE CODE § 8-502

145.    Plaintiff re-alleges paragraphs 1 through 144 and incorporates them by reference as paragraphs 1 through 144 of Count XXIV of this Complaint.

146.    New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of disability.  The same legal standards that apply to ADA claims apply to claims brought under New York City Administrative Code § 8-502.

## COUNT XXV
### RETALIATION
### IN VIOLATION OF
### NEW YORK CITY ADMINSTRATIVE CODE § 8-502

147.    Plaintiff re-alleges paragraphs 1 through 146 and incorporates them by reference as paragraphs 1 through 146 of Count XXV of this Complaint.

148.    The New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race, color and disability.  The law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.  The same legal standards that apply to Title VII and the ADA apply to claims brought under this law.

## COUNT XXVI
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-502

149.    Plaintiff re-alleges paragraphs 1 through 148 and incorporates them by reference as paragraphs 1 through 148 of Count XXVI of this Complaint.

150.    New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race, color and disability.  The law also makes it unlawful to create a severe and hostile environment where retaliation, race, color and disability discrimination are encouraged and/or tolerated.  The same legal standards that apply to Title VII and the ADA apply to claims brought under this law.

## COUNT XXVII
## RACE AND COLOR DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 14-115

151.    Plaintiff re-alleges paragraphs 1 through 150 and incorporates them by reference as paragraphs 1 through 150 of Count XXVII of this Complaint.

152.    New York Administrative Code § 14-115(a), gives the police commissioner broad discretion to impose punishment on a member of the force including dismissal from the force.  However, such punishment cannot be for impermissible reasons such as race and color discrimination.  Such arbitrary and capricious decisions would be impermissible and violative of the spirit and purpose of the statute.

## COUNT XXVIII
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 14-115

153.    Plaintiff re-alleges paragraphs 1 through 152 and incorporates them by reference as paragraphs 1 through 152 of Count XXVIII of this Complaint.

154.    New York Administrative Code § 14-115(a), gives the police commissioner broad discretion to impose punishment on a member of the force including dismissal from the force. However, such punishment cannot be for impermissible reasons such as disability discrimination. Such arbitrary and capricious decisions would be impermissible and violative of the spirit and purpose of the statute.

## COUNT XXIX
## RETALIATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 14-115

155.    Plaintiff re-alleges paragraphs 1 through 154 and incorporates them by reference as paragraphs 1 through 154 of Count XXIX of this Complaint.

156.    New York Administrative Code § 14-115(a), gives the police commissioner broad discretion to impose punishment on a member of the force including dismissal from the force. However, such punishment cannot be for impermissible reasons such as retaliation. Such arbitrary and capricious decisions would be impermissible and violative of the spirit and purpose of the statute.

## COUNT XXX
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 14-115

157.    Plaintiff re-alleges paragraphs 1 through 156 and incorporates them by reference as paragraphs 1 through 156 of Count XXX of this Complaint.

158.    New York Administrative Code § 14-115(a), gives the police commissioner broad discretion to impose punishment on a member of the force including dismissal from the force. The law also makes it unlawful to create a severe and hostile environment where retaliation, race, color and disability discrimination are encouraged and/or tolerated. Such arbitrary and

41

capricious decisions would be impermissible and violative of the spirit and purpose of the statute.

## COUNT XXXI
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND INTENTIONAL INTERFERENCE WITH EMPLOYMENT CONTRACT UNDER NEW YORK STATE COMMON LAW

159.    Plaintiff re-alleges paragraphs 1 through 158 and incorporates them by reference as paragraphs 1 through 158 of Count XXXI of this Compliant.

160.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; THOMAS P. PURTELL; PAUL RAYWARD; JOSEPH RINALDI; ALBERTO MARTINEZ; ARIAN DONOVAN and GLENN DANIEL STEELE JR., intentionally inflicted the aforesaid acts of race and color, disability discrimination and/or false imprisonment on plaintiff, with malice, and without legal, economic, business or social justification or excuse, and did so for the sole purpose of causing him emotional distress and anguish.

161.    As a result of the aforesaid intentional acts of defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; THOMAS P. PURTELL; PAUL RAYWARD; JOSEPH RINALDI; ALBERTO MARTINEZ; ARIAN DONOVAN and GLENN DANIEL STEELE JR., the plaintiff has been irreparably damaged.

162.    That because of the willful and malicious acts of the defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY;

SUZANNE GIMBLET; THOMAS P. PURTELL; PAUL RAYWARD; JOSEPH RINALDI; ALBERTO MARTINEZ; ARIAN DONOVAN and GLENN DANIEL STEELE JR., in gross disregard of the civil rights and well-being of the plaintiff, plaintiff is entitled to punitive and exemplary damages.

**COUNT XXXII**
**FALSE IMPRISONMENT**
**UNDER NEW YORK STATE COMMON LAW**

163.    Plaintiff re-alleges paragraphs 1 through 162 and incorporates them by reference as paragraphs 1 through 162 of Count XXXI of this Complaint.

164.    Plaintiff alleges that by the improper and illegal confinement at MARWORTH operated by defendant GEISINGER under the authority of defendant GLENN DANIEL STEELE JR., acting in collusion with defendants' RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; and SUZANNE GIMBLET interfered with plaintiff's right to be free from governmental intrusion.

**JURY TRIAL**

165.    Plaintiff demands a trial by jury of all issues in this action that are so triable.

**PRAYER FOR RELIEF**

**Wherefore,** Plaintiff respectfully requests that this Court find in his favor and against the Defendants' as follows:

a.    Declare that the acts and conduct of defendants CITY; RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; THOMAS P. PURTELL; PAUL RAYWARD; JOSEPH RINALDI;

ALBERTO MARTINEZ; ARIAN DONOVAN and GLENN DANIEL STEELE JR., violated Title VII of the Civil Rights Act of 1964; Title I of the Americans with Disabilities Act of 1990; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1985(3); the First Amendment of the Bill of Rights of the United States Constitution; New York Executive Law § 296; New York City Administrative Code § 8-502; New York City Administrative Code § 14-115; the Intentional Infliction of Emotional Distress and Intentional Interference with Employment Contract Under New York State Common Law and False Imprisonment Under New York State Common Law;

b.      Award plaintiff damages for the full value of all compensation and benefits lost past and future, as a result of the defendants' CITY; RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; THOMAS P. PURTELL; PAUL RAYWARD; JOSEPH RINALDI; ALBERTO MARTINEZ; ARIAN DONOVAN and GLENN DANIEL STEELE JR., unlawful conduct;

c.      Award plaintiff compensatory damages consistent with the aforementioned statues;

d.      Award plaintiff punitive damages consistent with the aforementioned statutes;

e.      Award plaintiff appropriate compensatory and punitive damages on his individual torts;

f.      Award plaintiff prejudgment interest;

g.      Award plaintiff reasonable attorneys' fees consistent with the aforementioned statues; and

h.      Award plaintiff such other relief as this Court deems proper.

Dated:      Lake Success, N.Y.
              December 23, 2005

Respectfully submitted,

By: _____
Eric Sanders (ES0224)

Jeffrey L. Goldberg, P.C.
Attorneys for Plaintiff
2001 Marcus Avenue, Suite S10
Lake Success, NY 11042
516-775-9400

45