UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

DEREK MILLER

                                        Plaintiff,

            -against-


THE CITY OF NEW YORK; RAYMOND W. KELLY, Police
Commissioner; GEORGE A. GRASSO, First Deputy Commissioner;
RAFAEL PINIERO, Chief, Personnel Bureau; GEORGE W.
ANDERSON, Deputy Chief, Executive Officer, Personnel Bureau;
MICHAEL P. O'NEILL, Deputy Chief, Employee Relations Section;
CHARLES MICHAEL MARTINEZ, Deputy Chief Surgeon, Medical
Division; JACQUELINE MC CARTHY, Retired Lieutenant,
Counseling Services Unit; DANIEL SWEENEY, Sergeant, Counseling
Services Unit; SUZANNE GIMBLET, Detective, Counseling Services
Unit; MICHAEL BAHRENBURG, Police Officer, Counseling Services
Unit; CHRISTINE JOANN CARLOZZI, Detective, Counseling
Services Unit; SAM WILLIS, Counseling Services Unit; PAUL
RAYWARD, Captain, Patrol Borough Bronx Investigations Unit;
ALBERTO MARTINEZ, Sergeant, 47th Precinct; ARIANA
DONOVAN, Captain, Internal Affairs Bureau Command Center,
each being sued individually and in their official capacities
as employees of the Police Department City of New York;
LONG ISLAND CENTER FOR RECOVERY INC., and its
agents; JACK HAMILTON, President and Chief Executive Officer,
Long Island Center for Recovery Inc., being sued in his individual
and official capacity as an employee of the Long Island Center for
Recovery Inc., and its agents.

                                        Defendants.

-------------------------------------------------------------------------------X

05 CV 6024
(SJ)(RML)

Judge Sterling Johnson

Jury Trial Demand

Amended Complaint


        The plaintiff DEREK MILLER, by his attorneys, Jeffrey L. Goldberg, P.C., as and for his

complaint against defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY; GEORGE

A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL;

CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY;

SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; ARIANA DONOVAN; LONG ISLAND CENTER FOR RECOVERY INC., and its agents; and JACK HAMILTON, respectfully set forth and allege that:

## INTRODUCTION

1.      This is an action for equitable relief and money damages on behalf of the plaintiff DEREK MILLER, (hereinafter referred to as "plaintiff") who was, and who is prospectively being deprived of his civil and constitutional rights as a result of the defendants' racketeering activities and disability discrimination.

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

(a)      the Racketeer Influenced and Corrupt Organization Act pursuant to 18 U.S.C. § 1962(c), making it illegal for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity;

(b)      the Racketeer Influenced and Corrupt Organization Act pursuant to 18 U.S.C. § 1962(d), making it unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of 18 U.S.C. 1962;

(c)      the Racketeer Influenced and Corrupt Organization Act pursuant to 18 U.S.C. § 1964(c), affording the opportunity for any person injured in his business or property by reason of a violation of section 1962, may sue therefor in any appropriate United States district

court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee;

        (d)      Title VII of the Civil Rights Act of 1964 (hereinafter referred to as "Title VII") providing for injunctive and other relief against discrimination in employment on the basis of race, color, religion, sex and national origin

        (e)      Title I of the Americans with Disabilities Act of 1990 (hereinafter referred to as the "ADA") providing for injunctive and other relief against discrimination in employment on the basis of disability and/or individuals regarded as having a disability;

        (f)      the Civil Rights Act of 1866, 42 U.S.C. § 1981, providing for the protection of all person's right to make and enforce contracts under the color of state law;

        (g)      the Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law;

        (h)      the Civil Rights Act of 1871, 42 U.S.C. § 1985(3), providing for protection from conspiracies to interfere with a person's civil rights;

        (i)      the Establishment Clause of the First Amendment of the Bill of Rights of the United States Constitution, providing for protection against interference with a person's right to freedom of religion.

    3.      The unlawful employment practices, violations of plaintiff's civil rights and tortuous acts complained of herein were committed within the Eastern and Southern Districts of New York.

    4.      The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law § 296; New York City Administrative Code § 8-502; and New York City Administrative Code § 14-115; Aiding and Abetting and the Breach of Fiduciary Duty; and Unjust Enrichment, pursuant to 28 U.S.C. 1367, because the entire action

before the court comprises one constitutional and civil rights case, and the claims arise out of the same common nucleus of facts and are such that the plaintiff would ordinarily be expected to try them in one judicial proceeding.

## PLAINTIFF

5.      Plaintiff is a male citizen of the United States of America and is over twenty-one (21) years of age, a resident of Bronx County and is an employee of defendant THE CITY OF NEW YORK (hereinafter referred to as the "CITY") more specifically the Police Department City of New York (hereinafter referred to as the "NYPD"). For the purposes of this litigation defendant CITY may be identified interchangeably using CITY or NYPD to identify the employer which is the CITY.

## DEFENDANTS

6.      Defendant CITY was and is a municipal corporation organized and existing under and by virtue of the law of the State of New York, and at all relevant times was plaintiff's employer, with its central offices in the county of New York, and diverse other offices and facilities throughout the State of New York.

7.      Defendant CITY is an employer within the definitions contained in 42 U.S.C. § 12111(5), employing more than fifteen (15) employees, and is engaged in an industry affecting commerce.

8.      RAYMOND W. KELLY, Police Commissioner; GEORGE A. GRASSO, First Deputy Commissioner; RAFAEL PINIERO, Chief, Personnel Bureau; GEORGE W. ANDERSON, Deputy Chief, Executive Officer, Personnel Bureau; MICHAEL P. O'NEILL, Deputy Chief, Employee Relations Section; CHARLES MICHAEL MARTINEZ, Deputy Chief Surgeon, Medical Division; JACQUELINE MC CARTHY, Retired Lieutenant, Counseling

4

Services Unit; DANIEL SWEENEY, Sergeant, Counseling Services Unit; SUZANNE GIMBLET, Detective, Counseling Services Unit; MICHAEL BAHRENBURG, Police Officer, Counseling Services Unit; CHRISTINE JOANN CARLOZZI, Detective, Counseling Services Unit; SAM WILLIS, Counseling Services Unit; PAUL RAYWARD, Captain, Patrol Borough Bronx Investigations Unit; ALBERTO MARTINEZ, Sergeant, 47th Precinct; ARIANA DONOVAN, Captain, Internal Affairs Bureau Command Center, each being sued individually and in their official capacities as employees of the NYPD.

9.      Defendant LONG ISLAND CENTER FOR RECOVERY INC. (hereinafter referred to as the LICR) is a domestic business corporation formed on June 22, 1992, in accordance with the laws of the State of New York that provides inpatient treatment of alcohol and drug additions. Its primary source of business is derived from employers such as defendant CITY.

10.      Defendant JACK HAMILTON, President and Chief Executive Officer, being sued individually and in his official capacity as an employee of LICR.

## PROCEDURAL REQUIREMENTS

11      Plaintiff has filed suit with this Court within the applicable statute of limitations period.

12.      Plaintiff is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1866, the Civil Rights Act of 1871 or the United States Constitution.

13.      On or about September 11, 2005, plaintiff sought assistance from the United States Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC").

14.      On or about October 3, 2005, plaintiff received a Dismissal and Notice of Right to Sue from the EEOC.

## BACKGROUND

15.    Plaintiff is a police officer who is currently employed by defendant CITY more specifically the NYPD and has either been diagnosed with suffering from or regarded as suffering from chronic alcohol dependency.

16.    Plaintiff alleges that the earliest actions of race, color and disability discrimination commenced on or about September 11, 2004, and continue to this day.

17.    Plaintiff alleges that Commissioner James F. Hanley, through defendant CITY's Office of Labor Relations improperly and without legal excuse ceded authority of defendant CITY's Employee Assistance Program relating to employees of the NYPD more specifically the Counseling Services Unit without controlled oversight and allowing it to operate as an EAP without the appropriate certification or waiver from the New York State Office of Alcoholism and Substance Abuse Services (hereinafter referred to as OASAS) or other appropriate governing authority.

18.    Plaintiff alleges that from September 11, 2004, until this day, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; and SAM WILLIS has violated his civil rights as well as other similarly situated employees regarded as disabled due to alleged chronic alcohol dependency although there were no changes in their level of job performance.

19.    Plaintiff alleges that from September 11, 2004, until this day, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants' JACQUELINE MC CARTHY; DANIEL

SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN

CARLOZZI; and SAM WILLIS as well as other members of the Medical Division, Employee

Relations Section and the Counseling Services Unit to coerce plaintiff as well as other similarly

situated employees into waiving their HIPPA Rights to restrict the release of their personal

medical records under the threat of suspension and/or termination. Defendants' CHARLES

MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE

GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; and SAM

WILLIS as well as other members of the Medical Division, Employee Relations and the

Counseling Services Unit then also refused to allow plaintiff as well as other similarly situated

employees to view the contents their own case folders.

20.     Plaintiff alleges that from September 11, 2004, until this day, defendants'

RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W.

ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly

and without legal excuse allowed defendants' JACQUELINE MC CARTHY; DANIEL

SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN

CARLOZZI and SAM WILLIS as well as other members of the Medical Division, Employee

Relations Section and the Counseling Services Unit to coerce plaintiff as well as other similarly

situated employees under the threat of suspension and/or termination into signing a non-

negotiable Counseling Contract without the benefit of legal counsel. Defendants' RAYMOND

W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON;

MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY;

DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE

JOANN CARLOZZI; and SAM WILLIS as well as other members of the Medical Division,

Employee Relations Section and the Counseling Services Unit would then strictly enforce the conditions of the contract against plaintiff and other similarly situated employees when they had no actual knowledge of the conditions because a copy of the Counseling Contract was never provided to them. Nor were the legal ramifications of the contract explained to them.

21.    Plaintiff alleges that from September 11, 2004, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; and SAM WILLIS as well as other members of the Medical Division, Employee Relations Section and the Counseling Services Unit to coerce plaintiff as well as other similarly situated employees into waiving their informed consent rights under the threat of suspension and/or termination to make their own medical decisions for any treatment.

22.    Plaintiff alleges that from September 11, 2004, until this day, that he and other similarly situated employees were forced to attend inpatient residential and outpatient treatment programs such as defendant LICR owned and managed by defendant JACK HAMILTON when defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; and SAM WILLIS as well as other members of the Counseling Services Unit knew that they could not be medically and/or ethically treated because they did not meet the criteria of chronic alcohol dependency and/or because of sustained remission. Plaintiff further alleges that defendants' JACQUELINE MC CARTHY;

DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; and SAM WILLIS as well as other members of the Counseling Services Unit would use their positions as fiduciaries to authorize fraudulent billings to insurance carriers, self insurers and/ not for profit organizations such as GHI, the Red Cross, the New York City Police Foundation, defendant CITY's Operating Budget Account or directly to the plaintiff. The billing method depended on whether or not the insurance carrier denied the claim. Upon information and belief defendants' LICR and JACK HAMILTON knew or should have known that the plaintiff as well as other similarly situated employees were being forced to attend their respective programs against their will or that they did not meet the chronic alcohol dependency criteria.

23.    Plaintiff alleges that from September 2003, until March 2005, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; and DANIEL SWEENEY improperly and without legal excuse allowed defendant SUZANNE GIMBLET to hold herself out as a CASAC certified alcohol counselor while her certification was lapsed. Defendant SUZANNE GIMBLET's credentials were lapsed in or around September 2003, and were reinstated in or around March 2005. During such period, defendant SUZANNE GIMBLET, continued to counsel plaintiff as well as other similarly situated employees; act as a CASAC certified Case Manager and/or Counselor and refer plaintiff as well as other similarly situated employees to various alcohol treatment programs including defendant LICR owned and operated by defendant JACK HAMILTON.

24.    Plaintiff alleges that from September 11, 2004, until this day, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W.

ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed members of the Medical Division, Employee Relations Section and the Counseling Services Unit to utilize uncertified alcohol counselors and/or trainees to counsel and/or refer plaintiff as well as other similarly situated employees to inpatient residential and outpatient alcohol treatment programs such as defendant LICR owned and managed by defendant JACK HAMILTON without medical necessity.  Plaintiff alleges that such treatment programs included unnecessary medical treatment, duplicative diagnostic testing, miscoding or upcoding of services, bundling and unbundling of services, and forced time in isolation for detoxification.  Plaintiff further alleges that such activities were solely for the purpose of generating fees and revenue to defraud insurance carriers, self insurers and/ not for profit organizations such as GHI, the Red Cross, the New York City Police Foundation, defendant CITY and/or the plaintiff.

25.     Plaintiff alleges that from September 11, 2004, until this day, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI and SAM WILLIS as well as other members of the Counseling Services Unit to improperly and illegally refer plaintiff as well as other similarly situated employees to inpatient residential and outpatient alcohol treatment programs under the threat of suspension and/or termination.

26.     Plaintiff alleges that from September 11, 2004, until this day, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W.

ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI and SAM WILLIS as well as other members of the Counseling Services Unit to force plaintiff as well as other similarly situated employees into inpatient residential and outpatient alcohol treatment programs.  Plaintiff alleges that the Counseling Services Unit would make referrals to inpatient residential and outpatient alcohol treatment programs although there were no findings of chronic alcohol abuse.  Plaintiff alleges that such referrals were solely for the financial benefit of defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS as well as other members of the Counseling Services Unit; LICR and JACK HAMILTON.  Upon information and belief, defendant SUZANNE GIMBLET maintains a log to track referrals made to the various programs for the defendant's financial gain.  Additionally, as part of defendant JACQUELINE MC CARTHY'S financial kickback, she is now employed by defendant LICR as a Counselor or related position in violation of New York City Charter § 2604 (8)(d)(1).

27.    Plaintiff alleges that from September 11, 2004, until this day, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed the Counseling Services Unit to retain employees who are not only uncertified but, use the same inpatient residential and outpatient alcohol treatment programs to obtain falsified continuing education credits to fulfill OASAS credentialing requirements although they did not attend any classes or study any of the course material.

28.     Plaintiff alleges that from September 11, 2004, until this day, defendants'
RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W.
ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly
and without legal excuse allowed defendants' JACQUELINE MC CARTHY; DANIEL
SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN
CARLOZZI and SAM WILLIS as well as other members of the Counseling Services Unit to
refer plaintiff as well as other similarly situated employees to the Twelve Steps Religious Based
Alcohol Anonymous Program under the threat of suspension and/or termination without offering
alternative programs in violation of the Establishment Clause of the First Amendment of the
United States Constitution.

29.     On or about September 11, 2004, until this day, plaintiff and similarly situated
employees are being forced to continue being monitored by the Counseling Services Unit under
threat of suspension and/or termination including submitting to Breathalyzer Tests, Urinalysis
and Random Home Visits.

30.     On or about September 11, 2004, plaintiff alleges that he was improperly and
without legal excuse found to be unfit for duty due to alcohol abuse by defendants' ALBERTO
MARTINEZ and ARIANA DONOVAN.  According to defendant ARIANA DONOVAN,
plaintiff may have been experiencing personal problems over the death of his brother on 9/11.
Plaintiff further alleges that based on defendants' ALBERTO MARTINEZ and ARIANA
DONOVAN'S assessment, plaintiff was immediately placed on Restricted Duty and his firearms
removed and forced to go to Early Intervention and Psychological Services.

31.     On or about September 15, 2004, plaintiff was forced to report to the Counseling
Services Unit and he was evaluated by defendant MICHAEL BAHRENBURG.  Plaintiff alleges

that he informed the defendant that he did not have any personal problems related to the death of his brother nor did he have any problems with chronic alcohol abuse.  Plaintiff alleges that he was coerced under the threat of suspension and/or termination to seek inpatient alcohol treatment.  Plaintiff was ordered to attend the inpatient alcohol treatment program operated by defendant LICR.  Upon information and belief, defendant MICHAEL BAHRENBURG is not a certified social worker nor CASAC certified.

32.      Plaintiff alleges that in or around September 15, 2004, he was forced to join defendant LICR owned and operated by defendant JACK HAMILTON under the threat of suspension and/or termination by agents of the Counseling Services Unit.  Plaintiff further alleges that while a resident at defendant LICR, defendant LICR engaged in unnecessary medical treatment, duplicative diagnostic testing, miscoding or upcoding of services, bundling and unbundling of services, and forced time in isolation for detoxification.  Plaintiff further alleges that such activities were solely for the purpose of generating fees and revenue to defraud insurance carriers, self insurers and/ not for profit organizations such as GHI, the Red Cross, the New York City Police Foundation, defendant CITY and/or the plaintiff.

33.      On or about December 7, 2004, defendant PAUL RAYWARD requested that defendant GEORGE A. GRASSO issue Charges and Specifications against the plaintiff for being unfit for duty.  Plaintiff alleges that defendants' GEORGE A. GRASSO and PAUL RAYWARD knew that they had no legal basis to issue any such charges and was proceeding in bad faith.  Upon information and belief, defendant CITY through its agents have a history of proffering and sustaining bad faith charges against minority police officers at a significantly higher rate than non-minority police officers under the same or similar circumstances.

34.      On or about January 5, 2005, Charges and Specifications were proffered against

plaintiff by defendant PAUL RAYWARD. Plaintiff was charged with: operating a motor vehicle while under the influence of alcohol or drugs; operating a motor vehicle under the influence of alcohol and unfit for duty.

35.    On or about July 5, 2005, plaintiff's Charges and Specifications were adjudicated before Hearing Officer Assistant Deputy Trial Commissioner Michael D. Sarner.

36.    On or about September 1, 2005, Hearing Officer Assistant Deputy Trial Commissioner Michael D. Sarner recommended that plaintiff be found Not Guilty of all charges.

37.    On or about October 6, 2005, defendant RAYMOND W. KELLY adopted Hearing Officer Assistant Deputy Trial Commissioner Michael D. Sarner's recommendations.

38.    Upon information and belief, plaintiff's Central Personnel Index has an indication that he was charged with being unfit for duty. Plaintiff alleges that this indication on his Central Personnel Index is a form of retaliation and further damages his reputation with the NYPD.

39.    Upon information and belief, to this day, defendants' CITY; RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY;  SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI and SAM WILLIS continues to monitor plaintiff and other similarly situated minority police officers with its Counseling Services Unit at an inordinately high rate as opposed to non-minority police officers who are generally not subject to such monitoring by defendants'. Defendants' CITY; RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; MICHAEL BAHRENBURG; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI and SAM WILLIS continue to utilize the services of defendant LICR

owned and operated by defendant JACK HAMILTON, who act in collusion to continue this violative pattern and practice of discrimination.

40.      Based on the foregoing, plaintiff feels that he was and is being improperly and without legal excuse discriminated against and his constitutional rights violated by defendants' CITY; RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; ARIANA DONOVAN; LICR and JACK HAMILTON.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### CONSPIRACY
### IN VIOLATION OF
### THE RACKETEER INFLUENCED AND CORRPUPT ORGANIZATIONS ACT

41.      Plaintiff re-alleges paragraphs1 through 40 and incorporates them by reference as paragraphs 1 through 40 of Count I of this Complaint.

42.      This cause of action is brought pursuant to 18 U.S.C. § 1964(c).

43.      As set forth above, in violation of 18 U.S.C. § 1962(d), defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; LICR and JACK HAMILTON have conspired to violate 18 U.S.C. § 1962(c).

44.      As a direct and proximate result, plaintiff and other similarly situated employees have been injured in their property by the predicate acts constituting a pattern of racketeering activity.  Specifically, plaintiff and other similarly situated employees have been injured by, among other things, numerous confinements against their will, loss of pension and opportunity

rights, legal fees to assert his rights, paying excessive premiums for insurance and other related services than they would have in the absence of the conspiracy.

45.     Accordingly, defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; LICR and JACK HAMILTON are liable to the plaintiff for three times his actual damages as proven at trial plus interest and attorney's fees.

**COUNT II**
**RACKEETEERING ACTIVITY**
**IN VIOLATION OF**
**THE RACKETEER INFLUENCED AND CORRUPT ORGANZATIONS ACT**

46.     Plaintiff re-alleges paragraphs 1 through 45 and incorporates them by reference as paragraphs 1 through 45 of Count II of this Complaint.

47.     This cause of action is brought pursuant to 18 U.S.C. § 1964(c), for violations of 18 U.S.C. § 1962(c).

48.     As set forth above, in violation of 18 U.S.C. § 1962(c), defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; LICR and JACK HAMILTON have conducted or participated in the conduct of the affairs of the Fraudulent Chemical Dependency Enterprise via the Counseling Services Unit through a pattern of racketeering activity.

49.     As a direct and proximate result, plaintiff and other similarly situated employees have been injured in their property by the predicate acts constituting the pattern of racketeering activity.  Specifically, plaintiff and other similarly situated employees have been injured by, among other things, numerous confinements against their will, loss of pension and opportunity rights, legal fees to assert his rights, paying excessive premiums for insurance and other related

services than they would have in the absence of the defendants' conduct.

50.    Accordingly, defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; LICR and JACK HAMILTON are liable to the plaintiff for three times his actual damages as proven at trial plus interest and attorney's fees.

**COUNT III**
**INJUNCTIVE AND DECLARATORY RELIEF UNDER THE**
**RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT**

51.    Plaintiff re-alleges paragraphs 1 through 50 and incorporates them by reference as paragraphs 1 through 50 of Count III of this Complaint.

52.    This claim arises under 18 U.S.C. § 1964(a), which authorizes the Court to enjoin violations of 18 U.S.C. § 1962, and under 28 U.S.C. § 2201, which authorizes declaratory relief.

53.    As set forth in plaintiff's Count I and II and in this Amended Complaint, defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; LICR and JACK HAMILTON have violated 18 U.S.C. §§ 1962(c) and (d) on a continuing basis and unless enjoined, will continue to do so in the future.

54.    As set forth plaintiff has no adequate remedy at law to prevent future violations of 18 U.S.C. §§ 1962(c) and (d), in the absence of injunctive and declaratory relief.

55.    Accordingly, plaintiff is entitled to declaratory relief declaring the illegal and conspiratorial conduct alleged herein to be in violation of 18 U.S.C. §§ 1962(c) and (d) and injunctive relief enjoining defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; LICR and JACK HAMILTON from further violations of 18 U.S.C. §§ 1962(c) and (d).

## COUNT IV
## AIDING AND ABETTING
## BREACH OF FIDICUARY DUTY

56.     Plaintiff re-alleges paragraphs 1 through 55 and incorporates them by reference as paragraphs 1 through 55 of Count IV of this Complaint.

57.     As alleged above, a fiduciary relationship existed between plaintiff and defendants' CITY; RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; ARIANA DONOVAN; LICR and JACK HAMILTON.

58.     Defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; LICR and JACK HAMILTON breached this duty by acting in their own pecuniary interests and in disregard of the interests of the plaintiff as well as other similarly situated employees as set forth above.

59.     Defendants' CITY; RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ knowingly participated in that breach by, among other things, engaging in the fraudulent and conspiratorial conduct described above.

60.     Plaintiff has suffered damages proximately caused by defendants' CITY; RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ's participation

in defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET;

MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; LICR and

JACK HAMILTON's breach.

61.     Accordingly, defendants' are liable to the plaintiff for damages in an amount to be

proven at trial.

## COUNT V
## UNJUST ENRICHMENT

62.     Plaintiff re-alleges paragraphs 1 through 61 and incorporates them by reference as

paragraphs 1 through 61 of Count V of this Complaint.

63.     Defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE

GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS;

LICR and JACK HAMILTON have benefited from their unlawful acts of fraudulent and

unnecessary medical billings by receiving wired funds and/or gratuities across states lines from

insurance carriers, self insurers and not for profit organizations.  These payments have been

received by the defendants' at the plaintiff's expense, under circumstances where it would be

inequitable for the defendants' to be permitted to retain the benefit.

## COUNT VI
## RACE AND COLOR DISCRIMINATION
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

64.     Plaintiff re-alleges paragraphs 1 through 63 and incorporates them by reference as

paragraphs 1 through 63 of Count VI of this Complaint.

65.     Plaintiff alleges that defendant CITY through its agents RAYMOND W. KELLY;

GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P.

O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL

SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN engaged in a pattern and practice of discrimination against him with respect to the terms, conditions and privileges of employment because of the plaintiff's race and color in violation of 42 U.S.C. § 2000e-2.

66.    As part of its pattern and practice of employment discrimination defendant CITY through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN treated plaintiff in a manner indicative of race and color discrimination, with respect to its investigation, analysis, and subsequent cover-up, of their discriminatory behavior.

67.    The failure of defendant CITY through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN to thoroughly investigate plaintiff's allegations of race and color discrimination.

68.    Defendant CITY knew or should have known about RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN

CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN race and color discrimination in the workplace because of their prior history of discriminatory conduct against the plaintiff and other similarly situated individuals.

69.     Defendant CITY failed and refused to take appropriate action to end the discriminatory treatment and conditions which plaintiff was subjected to, which was clearly motivated by race and color discrimination in a clear demonstration of bad faith.

70.     That as a result of the discriminatory acts of defendant CITY through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN plaintiff suffered depression and anxiety.

71.     Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN acted in an outrageous and systematic pattern of oppression, bad faith and cover-up, directed at plaintiff and continued from in or about September 11, 2004, until this day.

72.     As a result of the acts of defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM

WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN  under color of law, plaintiff suffered emotional distress, humiliation and embarrassment, loss of pension rights, medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT VII**
**RETALIATION**
**IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

73.    Plaintiff re-alleges paragraphs 1 through 72 and incorporates them by reference as paragraphs 1 through 72 of Count VII of this Complaint.

74.    Plaintiff alleges that defendant CITY through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN  engaged in various retaliatory actions against plaintiff as a result of his opposition to race and color discrimination and as a result of his filing such complaints with the NYPD and the EEOC, in violation of 42 U.S.C. § 2000e-3(a).

75.    That as a result of the illegal acts of defendant CITY through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN  plaintiff suffered depression and anxiety.

## COUNT VIII
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

76.    Plaintiff re-alleges paragraphs 1 through 75 and incorporates them by reference as paragraphs 1 through 75 of Count VIII of this Complaint.

77.    Plaintiff alleges that defendant CITY through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN  engaged in various severe and hostile actions towards plaintiff as a result of his opposition to race and color discrimination and as a result of his filing such complaints with the NYPD and the EEOC.

78.    That as a result of the severe and hostile acts of the defendant CITY through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN plaintiff suffered depression, anxiety and loss of job opportunities.

## COUNT IX
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990

79.     Plaintiff re-alleges paragraphs 1 through 78 and incorporates them by reference as paragraphs 1 through 78 of Count IX of this Complaint.

80.     At all relevant times, plaintiff has been regarded as a qualified individual with a disability within the meaning of 42 U.S.C. §12102.  More particularly, plaintiff is regarded by the NYPD as a qualified individual with a mental impairment due to chronic alcohol abuse.

81.     Defendant CITY through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN  failure to treat plaintiff in a manner comparable to other similarly situated individuals regarded as a qualified individual with a mental impairment due to chronic alcoholism constitutes disability discrimination against plaintiff with respect to the terms, conditions, or privileges of employment.

82.     Defendant's actions constitute a violation of 42 U.S.C. §12112(b)(5)(A).

## COUNT X
## RETALIATION
## IN VIOLATION OF
## TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990

83.     Plaintiff re-alleges paragraphs 1 through 82 and incorporates them by reference as paragraphs 1 through 82 of Count X of this Complaint.

84.     Plaintiff alleges that defendant CITY through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA

DONOVAN engaged in various retaliatory actions against him as a result of his opposition to disability discrimination and as a result of him expressing his first amendment right to criticize defendants for coercing him and other similarly situated individuals under threat of suspension and/or termination to seek alcohol treatment with the Twelve Step Religious Based Alcoholic Anonymous Program, in violation of 42 U.S.C. § 12203(a).

85.    That as a result of the illegal retaliatory acts of defendant CITY through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN plaintiff has suffered from depression, anxiety, loss of pay and pension rights and loss of employment opportunities.

## COUNT XI
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990

86.    Plaintiff re-alleges paragraphs 1 through 85 and incorporates them by reference as paragraphs 1 through 85 of Count XI of this Complaint.

87.    Plaintiff alleges that defendant CITY through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN engaged in various severe and hostile actions towards him as a result of his opposition to disability discrimination and as a result of him expressing his first amendment right

to criticize defendants for coercing him and other similarly situated individuals under threat of suspension and/or termination to seek alcohol treatment with the Twelve Steps Religious Based Alcoholic Anonymous Counseling Sessions.

88.     That as a result of the severe and hostile acts of defendant CITY through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN plaintiff has suffered depression, anxiety, loss of pay and pension rights and loss of employment opportunities.

**COUNT XII**
**RACE AND COLOR DISCRIMINATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981**

89.     Plaintiff re-alleges paragraphs 1 through 88 and incorporates them by reference as paragraphs 1 through 88 of Count XII of this Complaint.

90.     That by the aforesaid discriminatory acts and omissions of defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN  acting individually and acting in their capacities as supervisory and/or administrative officials of defendant CITY interfered with plaintiff's right to enforce contracts under the color of State Law.

91.     That the purpose of defendants' RAYMOND W. KELLY; GEORGE A.

GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL;

CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY;

SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM

WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN  in so

acting was to prevent plaintiff, through economic and psychological intimidation, from seeking

the equal protection of the laws, and from enjoying the equal privileges and immunities of

citizens under the Constitution and laws of the United States and the State of New York

including but not limited to enjoy his right to freedom of speech, movement, association and

assembly, to petition his government for redress of his grievances, to be secure in his person, to

be free from unreasonable searches and seizures, to enjoy privacy, and deprivation of life,

liberty, and property without due process of law.

92.      Pursuant to their conduct, the defendants' acted to deprive the plaintiff of his civil

rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in

violation of 42 U.S.C. § 1981.

93.      As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff

suffered mental anguish, emotional distress, loss of employment opportunities, and other

monetary damages.

**COUNT XIII**
**RETALIATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981**

94.      Plaintiff re-alleges paragraphs 1 through 93 and incorporates them by reference as

paragraphs 1 through 93 of Count XIII of this Complaint.

95.      Plaintiff alleges that defendants' RAYMOND W. KELLY; GEORGE A.

GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL;

CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN  engaged in various retaliatory actions against him acting individually and in their capacities as supervisory and/or administrative officials of defendant CITY as a result of his opposition to race, color and disability discrimination and as a result of him expressing his first amendment right to criticize defendants for coercing him and other similarly situated individuals under threat of suspension and/or termination to seek alcohol treatment with the Twelve Steps Religious Based Alcoholic Anonymous Program interfering with plaintiff's right to enforce contracts under the color of State Law.

96.     That the purpose of defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN  in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York.

97.     Pursuant to their conduct, the defendants' acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

98.     As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other

monetary damages.

**COUNT XIV**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981**

99.    Plaintiff re-alleges paragraphs 1 through 98 and incorporates them by reference as paragraphs 1 through 98 of Count XIV of this Complaint.

100.    Plaintiff alleges that defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN  engaged in various severe and hostile actions against him acting individually and in their capacities as supervisory and/or administrative officials of defendant CITY as a result of his opposition to race, color and disability discrimination and as a result of him expressing his first amendment right to criticize defendants for coercing him and other similarly situated individuals under threat of suspension and/or termination to seek alcohol treatment with the Twelve Steps Religious Based Alcoholic Anonymous Program interfering with plaintiff's right to enforce contracts under the color of State Law.

101.    That the purpose of defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN  in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking

the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York.

102.    Pursuant to their conduct, the defendants acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

103.    As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

**COUNT XV**
**RACE AND COLOR DISCRIMINATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983 CONSPIRACY**

104.    Plaintiff re-alleges paragraphs 1 through 103 and incorporates them by reference as paragraphs 1 through 103 of Count XV of this Complaint.

105.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN  under color of law, conspired with one another to deprive plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law.

106.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL

PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN acting individually and in their official capacities as supervisory and/or administrative officers of defendant CITY under color of law, and having been fully advised that plaintiff, an African-American male, was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

107.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN in acting to deprive plaintiff of his civil rights, failed to thoroughly investigate his allegations of race and color discrimination in the workplace.

108.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET;

MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN  in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

109.    Defendants acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about September 11, 2004, until this day.

110.    As a result of the acts of the defendants under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT XVI**
**DISABILITY DISCRIMINATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

111.    Plaintiff re-alleges paragraphs 1 through 110 and incorporates them by reference as paragraphs 1 through 110 of Count XVI of this Complaint.

112.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN  under color of law, conspired with one another to deprive plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable

searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law.

113.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN  acting individually and in their official capacities as supervisory and/or administrative officers of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

114.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN in acting to deprive plaintiff of his civil rights, failed to thoroughly investigate his allegations of discriminatory conduct in the workplace.

115.   Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN  in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

116.   Defendants' acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about September 11, 2004, until this day.

117.   As a result of the acts of the defendants' under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT XVII
## RETALIATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

118.   Plaintiff re-alleges paragraphs 1 through 117 and incorporates them by reference as paragraphs 1 through 117 of Count XVII of this Complaint.

119.   Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN  under color of law,

conspired with one another to deprive plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law.

120.   Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN acting individually and in their official capacities as supervisory and/or administrative officers of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

121.   Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL

RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN in acting to deprive plaintiff of his civil rights, failed to thoroughly investigate his allegations of discriminatory conduct in the workplace.

122.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN  in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

123.    Defendants acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about September 11, 2004, until this day.

124.    As a result of the acts of the defendants under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT XVIII**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

125.    Plaintiff re-alleges paragraphs 1 through 124 and incorporates them by reference as paragraphs 1 through 124 of Count XVIII of this Complaint.

126.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL

MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN  under color of law, conspired with one another to deprive plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law.

127.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN  acting individually and in their official capacities as supervisory and/or administrative officers of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

128.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL

PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL

MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET;

MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL

RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN in acting to deprive plaintiff

of his civil rights, failed to thoroughly investigate his allegations of discriminatory conduct in the

workplace.

129.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL

PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL

MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET;

MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL

RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN  in acting to deprive

plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's

rights.

130.    Defendants acted in an outrageous and systematic pattern of discrimination,

oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about

September 11, 2004, until this day.

131.    As a result of the acts of the defendants under color of law, plaintiff suffered

emotional distress, monetary damage, loss of pension rights, and incurred medical and legal

expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the

claims herein.

### COUNT XIX
### FALSE IMPRISONMENT
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

132    Plaintiff re-alleges paragraphs 1 through 131 and incorporates them by reference as

paragraphs 1 through 117 of Count XIX of this Complaint.

133.   Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN  under color of law, conspired with one another to deprive plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law.

134.   That by improper and without legal excuse illegal confinement of plaintiff at LICR owned and operated by defendant JACK HAMILTON under the threat of suspension and/or termination by defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN acting individually and acting in their capacities as supervisory and/or administrative officials of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of

speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

135.    That by improper and without legal excuse illegal confinement of plaintiff at LICR owned and operated by defendant JACK HAMILTON, acting in collusion with defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN interfered with plaintiff's right to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

136.    That the purpose of defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; ARIANA DONOVAN; LICR and JACK HAMILTON in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and

the State of New York including but not limited to enjoy his right to freedom of speech,

movement, association and assembly, to petition his government for redress of his grievances, to

be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, and

deprivation of life, liberty, and property without due process of law.

137.    Pursuant to their conduct, the defendants' acted to deprive the plaintiff of his civil

rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in

violation of 42 U.S.C. § 1983.

138.    As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff

suffered mental anguish, emotional distress, loss of employment opportunities, and other

monetary damages, in addition to deprivation of his civil rights.

## COUNT XX
## CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1985(3)

139.    Plaintiff re-alleges paragraphs 1 through 138 and incorporates them by reference

as paragraphs 1 through 138 of Count XX of this Complaint.

140.    That by the aforesaid discriminatory acts and omissions of defendants'

RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W.

ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE

MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG;

CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO

MARTINEZ; ARIANA DONOVAN; LICR and JACK HAMILTON acting individually and in

their official capacities as supervisory and/or administrative officials of the CITY and/or

independent contractor to defendant CITY conspired, planned, agreed and intended to act in

manner to thereby cause economic and psychological injury to plaintiff.

141.    That the purpose of the defendants' in so acting was to prevent plaintiff from obtaining the benefits to which he was entitled under the law and from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy his right to freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law.

142.    Pursuant to their conspiracy, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; ARIANA DONOVAN; LICR and JACK HAMILTON acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of discrimination and bad faith, all in violation of 42 U.S.C. § 1985 (3).

143.    As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, physical illness, and monetary damages.

## COUNT XXI
## FORCED TREAMENT IN AN ALCOHOLIC ANONYMOUS BASED PROGRAM IN VIOLATION OF THE ESTABLISHMENT CLAUSE OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION

144.    Plaintiff re-alleges paragraphs 1 through 129 and incorporates them by reference as paragraphs 1 through 129 of Count XXI of this Complaint.

145.    The First Amendment of the Bill of Rights of the United States Constitution makes it unlawful to prohibit the freedom of expression.

146.    Plaintiff alleges that defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN violated his right to freedom of expression.

147.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; MICHAEL BAHRENBURG; CHRISTINE JOANN CARLOZZI; SAM WILLIS; PAUL RAYWARD; ALBERTO MARTINEZ; and ARIANA DONOVAN though the Counseling Services Unit improperly and illegally forced plaintiff to attend the Twelve Steps Religious Based Alcohol Anonymous Program under the threat of suspension and/or termination.

148.    As a result of the aforesaid acts, plaintiff suffered mental anguish, emotional distress, physical illness, and monetary damages.

## COUNT XXII
## RACE AND COLOR DISCRIMINATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

149.    Plaintiff re-alleges paragraphs 1 through 148 and incorporates them by reference as paragraphs 1 through 148 of Count XXII of this Complaint.

150.    New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race and color.  The same legal standards that apply to Title VII claims apply to claims brought under this law.

### COUNT XXIII
### DISABILITY DISCRIMINATION
### IN VIOLATION OF
### NEW YORK STATE EXECUTIVE LAW § 296

151.    Plaintiff re-alleges paragraphs 1 through 150 and incorporates them by reference as paragraphs 1 through 150 of Count XXIII of this Complaint.

152.    New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of disability.  The same legal standards that apply to the ADA apply to claims brought under this law.

### COUNT XXIV
### RETALIATION
### IN VIOLATION OF
### NEW YORK STATE EXECUTIVE LAW § 296

153.    Plaintiff re-alleges paragraphs 1 through 152 and incorporates them by reference as paragraphs 1 through 152 of Count XXIV of this Complaint.

154.    New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race, color and disability.  The law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.  The same legal standards that apply to Title VII and the ADA apply to claims brought under this law.

### COUNT XXV
### HOSTILE WORK ENVIRONMENT
### IN VIOLATION OF
### NEW YORK STATE EXECUTIVE LAW § 296

155.    Plaintiff re-alleges paragraphs 1 through 154 and incorporates them by reference as paragraphs 1 through 154 of Count XXV of this Complaint.

156.     New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race, color and disability.  The law also makes it unlawful to create a severe and hostile environment where retaliation, race, color and disability discrimination are encouraged and/or tolerated.  The same legal standards that apply to Title VII and the ADA apply to claims brought under this law.

### COUNT XXVI
### RACE AND COLOR DISCRIMINATION
### IN VIOLATION OF
### NEW YORK CITY ADMINSTRATIVE CODE § 8-502

157.     Plaintiff re-alleges paragraphs 1 through 156 and incorporates them by reference as paragraphs 1 through 156 of Count XX of this Complaint.

158.     New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race and color.  The same legal standards that apply to Title VII claims apply to claims brought under New York City Administrative Code § 8-502.

### COUNT XXVII
### DISABILITY DISCRIMINATION
### IN VIOLATION OF
### NEW YORK CITY ADMINSTRATIVE CODE § 8-502

159.     Plaintiff re-alleges paragraphs 1 through 158 and incorporates them by reference as paragraphs 1 through 158 of Count XXVII of this Complaint.

160.     New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of disability.  The same legal standards that apply to ADA claims apply to claims brought under New York City Administrative Code § 8-502.

## COUNT XXVIII
## RETALIATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 8-502

161.    Plaintiff re-alleges paragraphs 1 through 160 and incorporates them by reference as paragraphs 1 through 160 of Count XXVIII of this Complaint.

162.    The New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race, color and disability.  The law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.  The same legal standards that apply to Title VII and the ADA apply to claims brought under this law.

## COUNT XXIX
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-502

163.    Plaintiff re-alleges paragraphs 1 through 148 and incorporates them by reference as paragraphs 1 through 148 of Count XXIX of this Complaint.

164.    New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race, color and disability.  The law also makes it unlawful to create a severe and hostile environment where retaliation, race, color and disability discrimination are encouraged and/or tolerated.  The same legal standards that apply to Title VII and the ADA apply to claims brought under this law.

## COUNT XXX
## RACE AND COLOR DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 14-115

165.    Plaintiff re-alleges paragraphs 1 through 164 and incorporates them by reference

as paragraphs 1 through 164 of Count XXX of this Complaint.

166.    New York Administrative Code § 14-115(a), gives the police commissioner broad discretion to impose punishment on a member of the force including dismissal from the force. However, such punishment cannot be for impermissible reasons such as race and color discrimination.  Such arbitrary and capricious decisions would be impermissible and violative of the spirit and purpose of the statute.

## COUNT XXXI
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 14-115

167.    Plaintiff re-alleges paragraphs 1 through 166 and incorporates them by reference as paragraphs 1 through 166 of Count XXXI of this Complaint.

168.    New York Administrative Code § 14-115(a), gives the police commissioner broad discretion to impose punishment on a member of the force including dismissal from the force. However, such punishment cannot be for impermissible reasons such as disability discrimination.  Such arbitrary and capricious decisions would be impermissible and violative of the spirit and purpose of the statute.

## COUNT XXXII
## RETALIATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 14-115

169.    Plaintiff re-alleges paragraphs 1 through 168 and incorporates them by reference as paragraphs 1 through 168 of Count XXXII of this Complaint.

170.    New York Administrative Code § 14-115(a), gives the police commissioner broad discretion to impose punishment on a member of the force including dismissal from the force. However, such punishment cannot be for impermissible reasons such as retaliation.  Such

arbitrary and capricious decisions would be impermissible and violative of the spirit and purpose of the statute.

## COUNT XXXIII
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 14-115

171.    Plaintiff re-alleges paragraphs 1 through 170 and incorporates them by reference as paragraphs 1 through 170 of Count XXXIII of this Complaint.

172.    New York Administrative Code § 14-115(a), gives the police commissioner broad discretion to impose punishment on a member of the force including dismissal from the force. The law also makes it unlawful to create a severe and hostile environment where retaliation, race, color and disability discrimination are encouraged and/or tolerated.  Such arbitrary and capricious decisions would be impermissible and violative of the spirit and purpose of the statute.

## JURY TRIAL

173.    Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

**Wherefore,** plaintiff demands compensatory and punitive damages from these

defendants' jointly and severally, in an amount to be determined at trial, plus any and all

available statutory remedies, both legal and equitable, and interests and costs.

Dated:          Lake Success, N.Y.
                March 10, 2006


                                    Respectfully submitted,

                                    By: _____
                                        Eric Sanders (ES0224)

                                    Jeffrey L. Goldberg, P.C.
                                    Attorneys for Plaintiff
                                    2001 Marcus Avenue, Suite S10
                                    Lake Success, NY 11042
                                    516-775-9400